[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10468
Non-Argument Calendar

_____

D. C. Docket No. 07-60164-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVELYN MARTICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 14, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On June 28, 2007, a Southern District of Florida grand jury returned a

twenty-two count indictment against appellant charging her in Counts 1-19 with knowingly and intentionally uttering and possessing forged securities, in violation of 18 U.S.C. § 513(a), and in Counts 20-22 with mail fraud in violation of 18 U.S.C. § 1341. On October 17, 2007, appellant pled guilty to Count 20 pursuant to a plea agreement, and on January 25, 2008, the district court imposed sentence.

The presentence report set appellant's total offense level, following adjustments, at 16. Coupled with a criminal history category of III, the Guidelines prescribed a sentence range of imprisonment of 27 to 33 months. The court, after hearing from the parties and affording appellant her right of allocution, sentenced her to prison for 72 months. She now appeals. We affirm.

Appellant asks that we vacate her sentence and remand the case for resentencing on the ground that the court's upward variance led to the imposition of an unreasonable sentence. The sentence is unreasonable, she contends, because the court failed adequately to consider the sentencing factors of 18 U.S.C. § 3553(a), specifically the nature and circumstance of the offense, her history and characteristics, and the fact that a sentence of 72 months would not promote the goal of rehabilitation.

We review the sentence for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), and for an abuse of discretion on the part of the

2

sentencing judge.  Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  A district court must impose a sentence that is both procedurally and substantively reasonable.  Id., 552 U.S. __, 128 S.Ct. at 597.  A sentence may be procedurally unreasonable if the court improperly calculated the Guideline's sentence range, treated the Guidelines as mandatory, failed to consider the § 3553(a) sentencing factors, based the sentence on clearly erroneous facts, or failed adequately to explain its reason for imposing the sentence.  Id.  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Once we conclude that no procedural errors were committed, we  consider the substantive reasonableness of the sentence imposed; specifically, whether the sentence is supported by the § 3553(a) factors.  Gall, 552 U.S. __, 128 S. Ct. at 600.  Our reasonableness review is "deferential"; there is a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."  Talley, 431 F.3d at 788.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to (2) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; (3) provide for deterrence; (4) protect the public; (5) provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Guidelines sentence range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparity; and (10) the need to provide restitution to victims. Id. at 786; (citing 18 U.S.C. § 3553(a)).

If a district court decides that a sentence outside the Guidelines range is appropriate, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. __, 128 S.Ct. at 597. Accordingly, the district court must "includ[e] an explanation for any deviation from the Guidelines range." Id.

In determining whether a sentence is substantively reasonable, we consider the totality of the circumstances. Id. If the sentence is outside the sentence range, we may consider the deviation, "but must give due deference to the district court's decision that the § 3553 (a) factors, on a whole, justify the extent of the variance." Id. "The fact that the appellate court might reasonably have concluded that a

different sentence was appropriate is insufficient to justify reversal of the district court." Id. Nonetheless, the district court does not have unfettered discretion in sentencing. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Here, appellant has not shown that the district court imposed a sentence that was procedurally or substantively unreasonable. The court explicitly considered the § 3553(a) factors and then elected to impose a sentence above the advisory sentence range. Because the § 3553(a) factors support the sentence imposed, the sentence is not greater than necessary to achieve the § 3553(a) goals. Further, the sentence is far below the statutory maximum for mail fraud. In sum, the district court did not abuse its discretion in imposing appellant's sentence.

AFFIRMED.